UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>                             Plaintiff,<br>    v.<br><br>PIERCE COUNTY, PIERCE COUNTY SHERIFF'S DEPT., PAUL PASTOR, RICH ODEGARD, LT. CHARLA JAMES, MARVIN SPENCER, and MARTHA KERR,<br><br>                             Defendants. | No. C10-5847 RBL/KLS<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS FOR EXTENSION |

On February 17, 2011, Defendants filed a motion to dismiss (ECF No. 15) and motion to stay discovery pending resolution of the motion to dismiss (ECF No. 19). Under separate Order the court has granted the motion to stay discovery. Also on February 17, 2011, Defendant Charla James filed a motion for summary judgment. ECF No. 16. Both the motion to dismiss and the motion for summary judgment were noted on the court's calendar for March 11, 2011. On February 28, 2011, Plaintiff filed a motion for a thirty-day extension of time to respond to the motion to dismiss (ECF No. 21) and a motion to stay Defendants' motion for summary judgment. ECF No. 22. Having reviewed the motions, Defendants' opposition, and balance of the record, the court finds and orders as follows:

ORDER- 1

A.     **Motion for Thirty Day Continuance of Motion to Dismiss**

On February 28, 2011, Plaintiff requested an additional thirty days from March 11, 2011 to file his response.  He states that he has not received his personal property from the prison's property room because he will be "returning from a Superior Court hearing in Pierce County on February 17, 2011," when he will have received his legal property.  ECF No. 21, p. 1.  Unless February 17 is a typographical error, it would appear then that Plaintiff received his legal property before he filed his motion for a thirty day extension.  It is also not clear why the temporary unavailability of his legal property has affected his ability to file a timely response by March 7, 2011 and why he needs an additional thirty days to file his response.  However, in light of Plaintiff's *pro se* status and in an abundance of caution, the court finds that a short extension will not prejudice the parties.  Thus, the time within which Plaintiff shall file his response to Defendants' motion to dismiss (ECF No. 15) shall be extended until **March 28, 2011.**

B.     **Motion to Stay Summary Judgment Motion**

In his motion to stay the Defendants' motion for summary judgment, Plaintiff states that he cannot adequately respond to the motion until Defendants produce the discovery that was due on February 23, 2011.  ECF No. 22, p. 1.  Plaintiff states that the requested stay is in conjunction with his request for a thirty day extension as to Defendants' motion to dismiss discussed above.  Plaintiff states that he will be filing an amended complaint to correct the errors highlighted in Defendants' motion to dismiss.  *Id.*, p. 2.  Plaintiff does not identify what evidence he hopes to discover that will potentially raise a genuine issue of material fact as to Defendant James's motion for summary judgment.

ORDER- 2

Rule 56(f) of the Federal Rules of Civil Procedure provides that if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, he cannot present facts essential to justify his opposition, the court may deny the motion or order a continuance.  A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact.  *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991).  "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."  *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987).

Plaintiff has not met his burden under Rule 56(f).  His bald statement that he needs discovery before he can respond to the motion is not sufficient.  Moreover, under separate Order, the court has already found that the appropriate course here is to stay all further discovery until all immunity issues are resolved or it is determined that limited discovery may be required.  As in the Defendants' motion to dismiss, Defendant James argues in her motion for summary judgment that she is entitled to qualified immunity.

As noted above, however, the court has found that a short extension of time is warranted to allow Plaintiff sufficient time to access his files and file a response to the Defendants' motion to dismiss.  A similar extension shall be granted as to Defendant James's motion for summary judgment.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for a thirty day extension of time to respond to Defendants' motion to dismiss (ECF No. 21) is **DENIED;** however, Plaintiff shall be granted an extension

ORDER- 3

until **March 28, 2011** to file his response**.**  Defendants' motion to dismiss (ECF No. 15) shall be **renoted** for **April 1, 2011.**

(2) Plaintiffs' motion to stay Defendants' motion for summary judgment (ECF No. 22) is **DENIED**; however, Plaintiff shall be granted an extension until **April 4, 2011** to file his response.  Defendant James's motion for summary judgment (ECF No. 16) shall be **renoted** for **April 8, 2011.**

(3) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 16th day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER- 4