1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

Plaintiff,

v.

PIERCE COUNTY, PIERCE COUNTY
SHERIFF'S DEPARTMENT, PAUL
PASTOR, RICH ODEGARD, LT.
CHARLA JAMES, MARVIN
SPENCER, and MARTHA KERR,

Defendants.

NO. C10-5847 RBL/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

8

9

10

11

12

13

14

15    Before the Court is Plaintiff's Motion to Amend.  ECF No. 26.  Defendants object to

16   the amendment.  ECF No. 31.  Having reviewed the motion, objection and balance of the

17   record, the court finds that the motion to amend should be denied.

18                                                   **BACKGROUND**

19

20    Mr. Mahone filed his original complaint and a "Notice of Lis Pendens" in this action in

21   November 2010.  ECF No. 1. He alleges that Lt. James, Pierce County, Sheriff Paul Pastor,

22   Chief Martha Karr, Captain Marvin Spencer and Chaplain Odegard all violated the Religious

23   Land Use and Institutionalized Persons Act (RLUIPA), and that all the Defendants (other than

24   Sheriff Pastor) also violated the "Free Exercise Clause of the First Amendment … Article I §

25   11, of the Washington Constitution," "Equal Protection and Due Process Clause of the

26

ORDER DENYING MOTION TO AMEND                                               1

Fourteenth Amendment … And Article I § 3 of the Washington Constitution."   ECF No. 4, pp. 3-4.

In his complaint, Mr. Mahone alleges generally that his rights were violated when he was denied "his religious dietary need, i.e., Jewish Kosher Meals three times a day since May 2010," and that he is being discriminated against because he was not born Jewish.  ECF No. 4, p. 3.   The complaint is largely silent as to which Defendants are alleged to have violated his constitutional rights.  Attached to his complaint, however, are copies of the grievances Mr. Mahone filed in 2010 at the Pierce County Detention and Correction Center (PCDCC).  These grievances contain Lieutenant James' denial of Mr. Mahone's grievance requesting a "Jewish Diet."  ECF No. 4, pp. 9-12.

On February 17, 2011, the Defendants Charla James, Martha Kerr, Rich Odegard, Paul Pastor, Pierce County, Pierce County Sheriff's Department, and Marvin Spencer filed a Motion to Dismiss Pursuant to FRCP 12(b)(6).  ECF No. 15.  On the same day, Defendant Charla James filed a Motion for Summary Judgment.  ECF NO. 16.  Also on the same day, Defendants filed a motion to stay discovery.  ECF No. 19.  In response, Plaintiff filed a motion for a thirty day extension of time to respond to the motion to dismiss and a motion to stay the summary judgment motion.  ECF Nos. 21 and 22.  A few days later, Plaintiff filed a Motion to Amend the Complaint.  ECF No. 26.  The Court granted the motion to stay discovery and denied Plaintiff's requested extension of time and motion to stay, but granted Plaintiff extensions to file his responses to the Defendants' pending motions to dismiss and for summary judgment.  ECF Nos. 27 and 28.

ORDER DENYING MOTION TO AMEND                                      2

1   The Court first considered Defendant James' motion for summary judgment. The

2   Court's findings and recommendation that Defendant James' motion should be granted is

3   contained in a separate Report and Recommendation. In that report, the undersigned found

4   that Mr. Mahone has failed to prove any violation of the First Amendment, the Religious Land

5   Use and Institutionalized Persons Act (RLUIPA), or the Fourteenth Amendment's Equal

6   Protection and/or Due Process Clause, relating to his claims that he was denied a religious

7   diet.

8

9   The Court next considered Defendants' motion to dismiss. The Court's findings and

10  recommendation that Defendants' motion should be granted is contained in a separate Report

11  and Recommendation. In that report, the undersigned found, *inter alia,* that Mr. Mahone

12  failed to state a claim upon which relief may be granted as to claims against Pierce County;

13  failed to allege the personal participation of Defendants Pastor, Kerr, Spencer and Odegard; is

14  not entitled to damages against any Defendant under RLUIPA; failed to state a Fourteenth

15  Amendment equal protection claim by failing to allege how similarly situated inmates were

16  treated differently concerning religious beliefs; failed to state a Fourteenth Amendment due

17  process claim; and failed to state a claim under Washington's constitution.

18

19                                   **DISCUSSION**

20  Liberality in granting a plaintiff leave to amend is subject to the qualification that the

21  amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not

22  futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v.*

23  *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

24

25

26

ORDER DENYING MOTION TO AMEND                                    3

1    Futile amendments should not be permitted.  *Roth v. Garcia Marquez*, 942 F.2d 617,

2    628 (9th Cir.1991); *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 188 (9th Cir.1987);

3    *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293

4    (9th Cir.1983).  Futility alone, or together with delay, is a sufficient basis upon which to deny a

5    motion for leave to amend.  *Roth*, 942 F.2d at 628 (affirming district court's order denying

6    motion for leave to amend on grounds of futility of amendment); *Klamath-Lake*, 701 F.2d at

7    1293 (affirming district court's order denying motion based on delay and futility).

8

9    A proposed amendment to a complaint is futile only if no set of facts can be proved

10   under the amendment that would constitute a valid and sufficient claim.  *Sweaney v. Ada*

11   *County, Idaho*, 119 F .3d 1385, 1393 (9th Cir.1997).  A party should be afforded an

12   opportunity to test his claim on the merits rather than on a motion to amend unless it appears

13   beyond doubt that the proposed amended pleading would be subject to dismissal.  Thus, it is

14   futile to permit amendment to a complaint to add claims subject to dismissal on a motion for

15   summary judgment.  *Roth*, 942 F.2d at 629.  *See also Johnson v. American Airlines, Inc.*, 834

16   F.2d 721,724 (9th Cir.1987)(Courts have discretion to deny leave to amend a complaint for

17   'futility,' and futility includes the inevitability of a claim's defeat on summary judgment.);

18   *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986)(Any amendment

19   would have been futile in that it could be defeated on a motion for summary judgment.).

20

21   In the exercise of its discretion, a district court may properly consider "the delay in the

22   desired amendment, the fact that there was a pending summary judgment motion, and the

23   futility of most of the proposed claims."  *Schlacter-Jones v. General Telephone,* 936 F.2d 435,

24   443 (9th Cir. 1991).

25

26

1    Granting Mr. Mahone's motion to amend will prejudice Defendants as they filed

2  motions to dismiss and for summary judgment prior to Mr. Mahone's attempted amendment.

3  Mr. Mahone has failed to articulate how allowing him to amend his complaint would defeat

4  either motion, except to state that he has now provided sufficient facts to fully explain how

5  each defendant violated his rights.  ECF No. 29, p. 2.  However, a motion for leave to amend

6

7  is "not a vehicle to circumvent summary judgment."  *Burdett v. Reynoso*, 399 Fed.Appx. 276,

8  278 (9th Cir. 2010). *See also M/V American Queen v. San Diego Marine Const. Corp.*, 708

9  F.2d 1483, 1492 (9th Cir. 1983) (leave to amend denied where "a motion for summary

10  judgment was pending and possible disposition of the case would be unduly delayed by

11  granting the motion for leave to amend"); *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D.

12  1, 4 (N.D. Cal., 1974) ("liberal amendment policy of the Federal Rules was not intended to

13  allow a party to circumvent the effects of summary judgment by amending the complaint

14  every time a termination of the action threatens").

15

16    Mr. Mahone seeks to plead additional facts as to certain individuals in an attempt to

17  support his claim that his constitutional rights were violated when he was denied kosher meals

18  at the PCDCC.  However, the undersigned has already found no constitutional violation of Mr.

19  Mahone's rights and has recommended that Defedants' motions to dismiss and for summary

20  judgment be granted even though Mr. Mahone was denied the kosher meals he requested.

21  Thus, the addition of facts relating to a defendant's personal participation in the denial of the

22  meals would be futile.

23

24    Accordingly, it is **ORDERED:**

25    (1)    Plaintiff's motion to amend (ECF No. 26) is **DENIED.**

26

ORDER DENYING MOTION TO AMEND                              5

1      (2)    The Clerk shall send copies of this Order to Plaintiff and to counsel for

2  Defendants.

3

4          **DATED** this  23rd  day of May, 2011.

5

6                                              Karen L. Strombom
                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTION TO AMEND                                    6