1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

SYLVESTER JAMES MAHONE,

8

Plaintiff,

9

v.

10

PIERCE COUNTY, PIERCE COUNTY
SHERIFF'S DEPARTMENT, PAUL
PASTOR, RICH ODEGARD, LT.
CHARLA JAMES, MARVIN
SPENCER, and MARTHA KERR,

11

12

13

Defendants.

NO. C10-5847  RBL/KLS

REPORT AND RECOMMENDATION
**Noted For:  June 10, 2011**

14

15

16

17

18

19

20

21

22

23

24

25

26

Before the court is Defendants' motion to dismiss.  ECF No. 15.  Plaintiff Sylvester James Mahone first filed a motion to amend his complaint.  ECF No. 26.  He then filed a response to the motion to dismiss claiming that his proposed amendment has made Defendants' motion moot.  ECF No. 29.  Plaintiff's motion to amend has been denied under separate Order.  Defendant James also filed a motion for summary judgment.  ECF No. 16.  In a separate Report and Recommendation, the undersigned recommends that the motion for summary judgment be granted because Mr. Mahone has failed to raise a genuine issue of material fact as to whether his civil rights were violated when Defendant James refused to provide him with kosher meals.  Having carefully reviewed the parties' pleadings, supporting declarations, and balance of the record, and viewing the evidence in the light most favorable to

REPORT AND RECOMMENDATION - 1

1   Mr. Mahone, the undersigned recommends that the Defendants' motion to dismiss should also

2   be granted.

3                                   **BACKGROUND**

4        Mr. Mahone filed this civil rights action in November 2010.  He alleges that Lt. James,

5   Pierce County, Sheriff Paul Pastor, Chief Martha Karr, Captain Marvin Spencer and Chaplain

6   Odegard all violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), and

7

8   that all the Defendants (other than Sheriff Pastor) also violated the "Free Exercise Clause of the

9   First Amendment … Article I § 11, of the Washington Constitution," "Equal Protection and

10  Due Process Clause of the Fourteenth Amendment … And Article I § 3 of the Washington

11  Constitution."  ECF No. 4, pp. 3-4.

12       In his complaint, Mr. Mahone alleges generally that his rights were violated when he

13  was denied "his religious dietary need, i.e., Jewish Kosher Meals three times a day since May

14

15  2010," and that he is being discriminated against because of his race and because he was not

16  born Jewish.  ECF No. 4, p. 3.[1]  The complaint is largely silent as to which Defendants are

17  alleged to have violated his constitutional rights.  Attached to his complaint, however, are

18  copies of the grievances Mr. Mahone filed in 2010 at the Pierce County Detention and

19  Correction Center (PCDCC).  These grievances contain Lieutenant James' denial of Mr.

20  Mahone's grievance requesting a "Jewish Diet."  ECF No. 4, pp. 9-12.  As noted above,

21

22       [1] As Mr. Mahone is no longer housed at the PCDCC and is not in the custody of any of the named
    Defendants, any claim for injunctive relief is moot. *Weinstein v. Bradford*, 423 U.S. 147, 148-49, 96 S. Ct. 347,
23  46 L.Ed.2d 350 (1975) (prisoner's due process claim moot once he obtained full release from prison supervision);
    *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir.1995) (prisoner's suit for injunctive relief moot upon his transfer
    to another prison); *Chronicle Publ'g Co. v. Rison*, 962 F.2d 959, 960 (9th Cir.1992) (same); *Johnson v. Moore*,
24  948 F.2d 517, 519 (9th Cir.1991) (same).  Plaintiff cannot claim any exception to the mootness doctrine, as there
    is no indication he will be returned to his former place of incarceration and subjected to the same conditions.

25

26  REPORT AND RECOMMENDATION - 2

1  Defendant James moved for summary judgment on Plaintiff's claims that his First, Fourteenth

2  and RLUIPA rights were violated when he was denied a "Jewish Diet," and this court has

3  recommended that the motion for summary judgment be granted.

4                                    **STANDARD OF REVIEW**

5          The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is

6  limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). All

7  material factual allegations contained in the complaint are taken as admitted and the complaint

8  is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*,

9  395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under

10  Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of

11  facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41,

12  45-46 (1957). The court has an obligation, particularly in civil rights actions, to construe pro

13  se pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However,

14  the court's liberal interpretation of a pro se complaint may not supply essential elements of the

15  claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

16  Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

17          In order to survive a motion to dismiss, a complaint must also contain sufficient factual

18  matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v.

19  Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*,

20  550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a)(2)

21  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

REPORT AND RECOMMENDATION - 3

1   129 S. Ct. at 1949.  "[N]aked  assertion[s]" of illegal conduct devoid of "further factual

2   enhancement" do not suffice.  *Id*., quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint

3   "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4   plausible on its face.'"  *Id.*, quoting *Twombly*, 550 U.S. at 570.

5           "Under Ninth Circuit case law, district courts are only required to grant leave to amend

6   if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

7   complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  *See*

8   *also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004),

9   citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave

10  to amend even if no request to amend the pleading was made, unless it determines that the

11  pleading could not be cured by the allegation of other facts.")

12

13                                         **DISCUSSION**

14

15          To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the

16  defendant must be a person acting under color of state law; and (2) his conduct must have

17  deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws

18  of the United States.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on

19  other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)).  Implicit in the second element is

20  a third element of causation.  *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274,

21  286-87 (1977).

22

23

24

25

26  REPORT AND RECOMMENDATION - 4

**A.     Persons Acting Under Color of State Law – Pierce County and Pierce County Sheriff's Department**

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo*., 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).   Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).   However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)."   *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Mr. Mahone named the Pierce County Sheriff's Department as a Defendant.   The Pierce County Sheriff's Department is a local governmental unit that is not a legal entity capable of being sued. *See Bradford*, 557 F. Supp.2d at 1207.   Accordingly, the undersigned recommends that Plaintiff's claims against the Pierce County Sheriff's Department be dismissed.

Mr. Mahone also named Pierce County as a Defendant.   As noted above, however, a municipality cannot be held liable for a violation of Section 1983 solely because it employs a tortfeasor because the doctrine of *respondeat superior* is unavailable.   *See e.g. Monell*, 436 U.S. 658 at 691 (no vicarious liability under §1983); *Greenberg v. Hill*, 2009 WL 890521 * 3

REPORT AND RECOMMENDATION - 5

(S.D. Ohio, 2009) ("to establish liability under RLUIPA (and Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation").  In order to establish municipal liability, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business").  *St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (plurality opinion).  A mere claim that a party "has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably."  *Board of County Com'rs of Bryan County, Oklahoma v.Brown*, 520 U.S. 397, 406 (1997).

Here, the complaint is silent as to any action by Pierce County and silent as to any policy or practice.  From the attachments to Mr. Mahone's complaint, it can be inferred that Lt. James, a Pierce County employee, refused Mr. Mahone's request for kosher meals.  As mentioned above, Mr. Mahone is not entitled to relief on these facts.  Under separate report and recommendation, the undersigned has recommended that Lt. James' summary judgment motion be granted because Mr. Mahone has failed to raise a question of material fact as to any violation of the First Amendment, RLUIPA, or the Fourteenth Amendment's equal protection and/or due process clauses.   Therefore, and assuming Plaintiff were able to plead a policy and practice of Pierce County that led to the refusal of his meals, such an amendment would be futile as the Court has already found that Mr. Mahone's civil rights were not violated by the refusal to provide him with kosher meals.

REPORT AND RECOMMENDATION - 6

**B.      Personal Participation of Pastor, Kerr, Spencer, Odegard**

To obtain relief against a defendant under 42 U.S.C. §1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

In addition, defendants in a 42 U.S.C. 1983 action cannot be held liable solely on the basis of supervisory responsibility or position.  *Monell*, 436 U.S. at 694 n.58; *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983.  *Johnson*, 588 F.2d at 743-44.

Mr. Mahone fails to allege how Sheriff Pastor, Chief "Kerr" [sic], and Chaplain Odegard took specific action or failed to take any specific action with regard to the refusal to

REPORT AND RECOMMENDATION - 7

1   grant his request to receive kosher meals.  As noted above, if the court looks to the attachments

2   to Mr. Mahone's complaint, it can surmise that Lt. James denied the kosher meal request.  Mr.

3   Mahone's grievances also show that Chaplain Odegard requested additional information in

4   order to process Mr. Mahone's request.  There are no factual allegations in Mr. Mahone's

5   complaint to connect Sheriff Pastor, Martha Kerr [sic] or Chaplain Odegard to any

6   constitutional violation concerning the refusal to provide Mr. Mahone with kosher meals.

7   Even assuming Plaintiff were able to plead actions of these individuals, allowing Mr. Mahone

8   to amend his complaint would be futile as the court has already found that Mr. Mahone's civil

9   rights were not violated by the refusal to provide him with kosher meals.

10

11   **C.      No Individual Liability for Damages Under RLUIPA**

12          Mr. Mahone cannot recover damages against defendants in their official capacities for

13   the alleged RLUIPA violation.  *Sossamon v. Lone Star State of Texas,* 560 F.3d 316, 327-28

14   (5th Cir. 2009), *Judgment Affirmed by Sossamon v. Texas,* --- S. Ct. ---, 2011 WL 1485252

15   (U.S. Apr. 20, 2011)( *Slip Op.* No. 08-1438)[2]; *Holley v. California Department of Corrections,*

16   *et al.*, 599 F.3d 1108, 1113-1114 (9th Cir. 2010).

17          The Ninth Circuit has not yet decided whether RLUIPA authorizes money damages

18   against state actors in their individual capacities, but notes that a number of other circuits have

19   answered the question in the negative. *See Shilling v. Crawford*, 377 Fed.Apx. 702 (9th Cir.

20   2010).  9, at *2 (9th Cir. Apr.28, 2010) (*citing Nelson v. Miller,* 570 F.3d 868, 885-89 (7th

---

[2] Petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit granted limited to the following question:  "Whether an individual may sue a State or state official in his official capacity for damages for violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. (2000 ed.)."  *Sossamon v. Texas,* 130 S. Ct. 3319 (U.S. May 24, 2010) (No. 08-1438).

REPORT AND RECOMMENDATION - 8

1   Cir.2009); *Rendelman v. Rouse,* 569 F.3d 182, 187-88 (4th Cir.2009); *Sossamon v. Texas,* 560

2   F.3d 316, 327-29 (5th Cir.2009); *Smith v. Allen,* 502 F.3d 1255, 1272-73 (11th Cir.2007)).

3          The Ninth Circuit has held that RLUIPA is constitutional under the Spending Clause.

4   *Mayweathers v. Newland*, 314 F.3d 1062, 1066-70 (9th Cir.2002).   In *Smith,* the Eleventh

5   Circuit noted that Congress passed RLUIPA pursuant to its spending power under Article I of

6   the Constitution and reasoned that federal statutes enacted under the spending power, which

7   condition receipt of federal funds on a state's adherence to certain conditions, cannot subject a

8   non-recipient of federal funds, such as a state official acting in his individual capacity, to

9   private liability for damages.  *Smith v. Allen*, 502 F.3d  at 1275.  Therefore, the court

10  concluded that as spending power legislation, RLUIPA cannot reach state officials in their

11  individual capacities. *Id*. at 1273, 1275.   The Fifth Circuit also concluded that RLUIPA was

12  passed pursuant to the Spending Clause and therefore, at least as to the claim before it,

13  RLUIPA does not exist for individual-capacity damage claims.  *Sossamon*, 560 F.3d at 328-29.

14  Likewise, the Seventh Circuit reasoned that "[c]onstruing RLUIPA to provide for damages

15  actions against officials in their individual capacities would raise serious questions regarding

16  whether Congress had exceeded its authority under the Spending Clause," and so the court

17  declined to read RLUIPA as allowing damages against defendants in their individual

18  capacities.  *Nelson*, 570 F.3d at 889.

19         This Court and several district courts in this circuit have reached the same conclusion.

20  *See Florer v. Bales-Johnson*, 2010 WL 436550, * 18 (W.D. Wash. 2010) (dismissing claim

21  regarding kosher meals because "individual defendants cannot be held liable for damages in

REPORT AND RECOMMENDATION - 9

their individual capacities in an action under RLUIPA"); *Sokolsky v. Voss*, 2010 WL 2991522, * 4 (E.D. Cal. 2010) (statute "does not create a private right of action with respect to state officers in their individual capacities"); *Hypolite v. CDCR*, 2010 WL 1729736, * 5 (E.D.Cal. 2010) ("plaintiff cannot assert a RLUIPA claim for damages against defendants in their individual capacities"); *Alvarez v. Hill*, 2010 WL 582217, * 11 (D.Or. 2010) ("RLUIPA itself does not authorize a claim for damages against Defendants in their individual capacities"); *Brown v. Vail*, 2009 WL 2253334 at *8 (E.D.Wash. 2009) (claim of not providing kosher food dismissed against defendants sued in their individual capacities because they are not "accountable for agreements into which the State of Washington may enter").

The Fifth and Eleventh Circuits noted that RLUIPA contains Commerce Clause underpinnings (citing 42 U.S.C. § 2000cc-1(b) (RLUIPA will also apply whenever "the substantial burden affects ... commerce with foreign nations, among the several States, or with Indian tribes")), but reasoned that "it is clear that the 'contracting party' in the RLUIPA context is the state prison institution that receives federal funds."  Thus, it is the institutions "that agree to be amenable to suit as a condition to receiving funds," not their individual employees, who "are not 'recipients' of federal funds as we have construed that term.'"  *See, e.g., Smith*, 520 F.3d at 1274-1275 (internal citations and footnotes omitted).   The Seventh Circuit also noted RLUIPA's Commerce Clause "underpinnings," but concluded that it would be appropriate to interpret RLUIPA as an exercise of Congress's power under the Spending Clause where, as in the case before it, there was no evidence before it that "[the] denial of a religious diet 'affect[ed] ... commerce with foreign nations, among the several States, or with

REPORT AND RECOMMENDATION - 10

Indian tribes.'" *Id. Nelson*, 570 F.3d at 886 (citing *Smith*, 502 F.3d at 1274 n. 9 (reasoning that RLUIPA should be analyzed as an exercise of Congress's Spending Clause authority when there is no evidence of an effect on interstate or international commerce)); *Sossamon*, 560 F.3d at 328 n. 34 (same).

This Court agrees that it is appropriate to interpret RLUIPA as an exercise of Congress's spending clause power. In addition, there is no evidence of an effect on interstate or international commerce by an alleged denial of a religious diet to indicate that RLUIPA should be interpreted under the Commerce Clause. Therefore, the undersigned finds persuasive the reasoning of the Fifth and Eleventh Circuits in concluding that individual Defendants cannot be held liable for damages in their individual capacities in an action under RLUIPA.[3]

For the foregoing reasons, the undersigned recommends that Defendants' motion to dismiss be granted as Mr. Mahone cannot state a claim for damages under RLUIPA against the Defendants in either their official or individual capacities and, further amendment on this issue would be futile.

**D.     Fourteenth Amendment Equal Protection**

Mr. Mahone alleges that the Defendants discriminated against him "on the basis of 'race and religion' in the areas of religious diet accommodations and not being Jewish born." ECF No. 4, p. 3.

_____

[3] Two district courts in our circuit also relied on the Eleventh Circuit's holding in *Smith* that state officials being sued as individuals have qualified immunity from RLUIPA. *See Shilling v. Crawford*, 536 F.Supp.2d 1227, 1234 (D. Nev. 2008); *Brown v. Vail, et al.*, No. CV-08-5091-JPH (E.D. Wash. Jul. 28, 2009) (order on motion to dismiss).

REPORT AND RECOMMENDATION - 11

1   "The Equal Protection Clause requires the State to treat all similarly situated people

2   equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (*citing City of Cleburne v.*

3   *Cleburne Living Center*, 473 U.S. 432, 439 (1985).  "[T]he Equal Protection Clause entitles

4   each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity

5   afforded fellow prisoners who adhere to conventional religious precepts.'" *Id.* (*quoting Cruz v.*

6   *Beto*, 405 U.S. 319, 322 (1972)).  To succeed on an equal protection claim, a plaintiff in a

7   section 1983 claim must show that officials intentionally acted in a discriminatory manner.

8   *See Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir. 1997), *abrogated on other grounds as*

9   *stated in Shakur,* 514 F.3d at 884-85.

10

11          As noted above, Plaintiff's complaint and its attachments indicate only that Chaplain

12   Odegard requested additional information in order to process Mr. Mahone's request for kosher

13   meals and Lt. James denied the kosher meal request.  There are no factual allegations in Mr.

14   Mahone's complaint to connect Sheriff Pastor, Martha Kerr [sic] or Chaplain Odegard to any

15   constitutional violation concerning the refusal to provide Mr. Mahone with kosher meals.

16   Further, allowing amendment to this claim would be futile as the Court has already found that

17   Mr. Mahone provided no evidence of any such discrimination in response to Defendant James'

18   motion for summary judgment.  Accordingly, the undersigned recommends that Mr. Mahone's

19   Fourteenth Amendment Equal Protection claim be dismissed.

20

21   **E.      Due Process**

22          Mr. Mahone alleges that Defendants violated "the Due Process Clause of the

23   Fourteenth Amendment" to the United States and Washington Constitutions" because they

24

25

26   REPORT AND RECOMMENDATION - 12

1    "discriminated against the Plaintiff on the basis of 'race and religion' in the areas of religious

2    diet accommodations and not being Jewish born.".  ECF No. 4, p. 3.  He does not, however,

3    allege how his due process rights were violated.  To the extent Mr. Mahone is attempting to

4    raise a substantive due process claim, the gravamen of his claim that Defendants interfered

5    with his ability to freely exercise his religion has been dealt with under the First Amendment.

6    *See Armendariz v. Penman,* 75 F.3d 1311, 1319 (9th Cir. 1996)(*quoting Albright v. Oliver,* 510

7    U.S. 266, 273 (1994)) (when particular amendment provides explicit textual source of

8    constitutional protection against a particular government behavior, that amendment and not the

9    more generalized notion of "substantive due process" must be the guide for analyzing these

10   claims).

11        The Due Process Clause protects prisoners from being deprived of liberty without due

12   process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

13   However, to state a cause of action for deprivation of due process, a plaintiff must first

14   establish the existence of a liberty interest for which the protection is sought.  *Sandin v.*

15   *Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Here, Mr. Mahone

16   has not alleged a constitutionally protected liberty interest.  Moreover, amendment of this

17   claim would be futile as this Court has already determined that Mr. Mahone's civil rights were

18   not violated by the refusal to provide him with kosher meals.  Accordingly, the undersigned

19   recommends that Plaintiff's claim that Defendants violated his due process rights be dismissed.

REPORT AND RECOMMENDATION - 13

**F.      Qualified Immunity**

Defendants assert in their motion to dismiss that all of Mr. Mahone's claims are barred by the doctrine of qualified immunity.   "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"   *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).   The court evaluates a defendant's qualified immunity defense using a two-step inquiry.  *Id.*  However, the Supreme Court recently held that this two-step inquiry is no longer an inflexible requirement.  *Pearson v. Callahan*, ---U.S. ---, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (explaining "that, while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory").  It is within our "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id*.

Under *Saucier's* first prong, the court must determine whether, viewing the facts in the light most favorable to the plaintiff, the government employees violated the plaintiff's constitutional rights.  *Saucier*, 533 U.S. at 201, 121 S. Ct. 2151.  If the court determines that a constitutional violation has occurred, it must then determine whether the rights were clearly established at the time of the violation.  *Id.*

This Court has already determined that Mr. Mahone's civil rights were not violated when he was denied kosher meals.  Thus, *Saucier's* second prong is inapplicable and the Court need not inquire further.

REPORT AND RECOMMENDATION - 14

**G.    Pendent State Law Claims**

In this case, the complaint contains no separate state law tort claims.  Mr. Mahone alleges only that Defendants' denial of his request for a kosher meal violates the First Amendment of both the United States and Washington State's constitutions.   With the dismissal of Mr. Mahone's federal claims on the same facts, there is no justification for adjudicating his state constitutional claim.[4]   Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), this Court has discretion to try pendent state claims with federal claims if they derive from a common nucleus of operative facts.  However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claim should be dismissed as well." *Id.* at 726, 86 S. Ct. at 1139 (footnote omitted).  *See also, Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227-28 (9th Cir. 1976) (per curiam), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977) (reading *Gibbs* and *Wham-O-Mfg. v. Paradise Mfg. Co.,* 327 F.2d 748, 752-54 (9th Cir. 1964) as only requiring district courts not to reach out to decide state law questions that need not be decided).

Mr. Mahone's state law claim should be dismissed without prejudice.  *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 (1988)).

---

[4] The court notes that Article I, section 11 of the Washington Constitution provides broader protections than the federal constitution (*First Covenant Church of Seattle v. City of Seattle*, 120 Wn.2d 203, 229-30, 840 P.2d 174 (1992)), however, a Plaintiff must still overcome the threshold inquiry of whether he holds a sincere religious belief. *See Munns v. Martin,* 131 Wash.2d 192, 930 P.2d 318 (Wash. 1997).

REPORT AND RECOMMENDATION - 15

1

**H.      Request for Lis Pendens**

2

3

Mr. Mahone's request for a lis pendens is without merit.  Under Washington statute, a

lis pendens is appropriate "[i]n an action affecting title to real property ...."  RCW 4.28.320.

4

5

"A lis pendens is not proper where it is filed in anticipation of recovering a money judgment."

6

*Bramall v. Wales*, 29 Wn.App. 390, 395 (1981) (*per curiam*).

7

This action is not related to any real property of Defendants.  Plaintiff seeks to recover

8

a money judgment for the alleged constitutional violations of Defendant, not title to property.

9

ECF No. 4, pp. 3-4.   However, the Court is unable to address Defendants' request for an order

10

canceling the lis pendens and to order the payment of their attorney fees as there is no

11

indication that Mr. Mahone in fact filed a lis pendens with any recorder's office in the State of

12

Washington.  In addition, if a lis pendens has been filed, the issue must be addressed in state

13

court.

14

15

Accordingly, it is recommended that Defendants' motion to dismiss Mr. Mahone's

16

request for a lis pendens should be granted as Mr. Mahone is not entitled to seek such relief in

17

this action.

18

**CONCLUSION**

19

20

Based on the foregoing, Defendants' motion to dismiss and cancel *lis pendens* (ECF

No. 15) should be **Granted** and Plaintiff's federal claims against Defendants be **dismissed**

21

22

**with prejudice,** without leave to amend; and that his state claim against Defendants be

23

**dismissed without prejudice**.

24

25

26

REPORT AND RECOMMENDATION - 16

1         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2    Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3    objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

4    objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

5    time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

6    **June 10, 2011**, as noted in the caption.

7

8

9         **DATED** this <u>23rd</u> day of May, 2011.

10

11

12   Karen L. Strombom
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26   REPORT AND RECOMMENDATION - 17